IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRYSTAL NICOLE SMITH-SCHAEFFER,

        Plaintiff,                              12cv1374
                                                          **ELECTRONICALLY FILED**
        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**Memorandum Order re: Plaintiff's Motion for Attorney Fees (Doc. No. 18)**

**I. Introduction**

On May 10, 2013, this Court granted in part and denied in part Plaintiff's Motion for Summary Judgment and denied Defendant's Motion for Summary Judgment in this appeal from Defendant's denial of Plaintiff's application for supplemental social security income.  Doc. Nos. 15 & 16.  On May 30, 2013, Plaintiff timely filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA").  Doc. No. 18.  Defendant filed a Response in Opposition on June 10, 2013.  Doc. No. 19.  The matter is now ripe for adjudication.  For the reasons set forth below, the Court will deny Plaintiff's Motion for Attorney Fees.

**II. Standard of Review**

        The EAJA provides, in relevant part, that:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The United States Supreme Court has defined "substantial justification" under the EAJA as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The government's position consists of both its prelitigation agency position and its litigation position." *Williams v. Astrue,* 600 F.3d 299, 302 (3rd Cir. 2009). The United States Court of Appeals for the Third Circuit has held that "the government bears the burden of demonstrating substantial justification." *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (citation omitted). In order to meet this burden, the government must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id*. (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)). The Court must consider "whether the government's position has a reasonable basis in both fact and law," *id*. at 325, and may not assume that the Government's position is not substantially justified because Plaintiff prevailed on the merits. *Id*. at 324-25 (citing *Morgan*, 142 F.3d at 684).

**III. Discussion**

In this case, Plaintiff argued that the ALJ erred because he failed to adequately assess Plaintiff's eligibility for benefits under Listing 12.05, he failed to address evidence of physical impairment and limitation, and he failed to provide a particularized residual functional capacity ("RFC"). Doc. No. 14, 5-18. The Court rejected Plaintiff's first two arguments, and found that substantial evidence supported the ALJ's determination. Doc. No. 15, 6-11. As the substantial evidence standard is more exacting than the substantial justification standard, the Government's argument relating to Plaintiff's first two claims of error were *de jure* substantially justified.

The Court found that substantial evidence did not support the ALJ's RFC because he did not explain why he failed to include certain of Dr. Heil's limitations in the RFC. Doc. No. 15, 11-12. The Court remanded the case to the ALJ to further develop the record and either include Dr. Heil's limitations or explain why he chose not to include those limitations in the RFC. Doc. No. 15, 12-13.

As to the first element of the *Morgan* test, the Government's position had a reasonable basis in fact. The Court may not decide if an individual is disabled in the first instance. Instead, Congress has chosen to delegate that authority to ALJs. However, the Court's review of the medical evidence of record, including Dr. Heil's report, demonstrates that the Government's position had a reasonable basis in fact. It is for the ALJ to determine on remand if the Government's position is correct, and possibly for this Court to review if an appeal is filed. However, the administrative record contains enough evidence to meet the Government's burden of showing that its position had a reasonable basis in fact.

As to the second element of the *Morgan* test, the Government's position had a reasonable basis in law. The United States Court of Appeals for the Third Circuit has stated that, "the ALJ's finding of residual functional capacity must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (quoting *Cotter v. Harris*, 642 F. 2d 700, 704 (3d Cir. 1981)). The Government's argument was that the ALJ's RFC determination was "clear and satisfactory" and encompassed all limitations discussed by Dr. Heil. Although the Court ultimately disagreed with the Government's position, its position had a reasonable basis in law.

As to the third element of the *Morgan* test, as the Court noted in its Opinion, "the definition of unskilled work may arguably encompass Plaintiff's limitations with respect to

3

carrying out detailed instruction and maintaining attention and concentration." Doc. No. 15, 12. Although the Court found that the other limitations were not adequately discussed by the ALJ, the ALJ's discussion of Dr. Heil's report, which included these additional limitations, provided the Government with a substantial justification to argue that substantial evidence supported the ALJ's determination that Plaintiff was not disabled. Thus, there was a reasonable connection between the facts alleged and the legal theory advanced.

The United States Court of Appeals for the Third Circuit has recognized that the Government's position may be substantially justified where an ALJ may reach the same conclusion on remand based on other evidence in the record. *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009). In this case, the Court recognized that upon remand the ALJ may reach the same conclusion on remand by explaining why he rejected Dr. Heil's proposed limitations. Doc. No. 15, 12-13. Applying this principle, the United States District Court for the Eastern District of Pennsylvania denied a motion for attorney fees in *Butterfield v. Astrue*, 2011 WL 1740121 (E.D. Pa. May 5, 2011). The Court found that because the matter had been remanded to the ALJ for determination on a relatively narrow issue, much like in this case, attorney fees were not justified under the EAJA. *Id*.

In *Rhodes v. Astrue*, 2011 WL 6372823 (W.D. Pa. Dec. 20, 2011), Judge McLaughlin denied a motion for attorney fees in similar circumstances. In *Rhodes*, Judge McLaughlin held that the ALJ's RFC was not supported by substantial evidence because the ALJ failed to explain why he was rejecting certain medical evidence. *Rhodes v. Astrue*, 2009 WL 3287011 (W.D. Pa. Oct. 13, 2009). However, Judge McLaughlin found that the Government's position was substantially justified as the ALJ discussed the limitations set forth by the doctor in question, even if Judge McLaughlin later found that explanation to be inadequate. *Rhodes*, 2011 WL

6372823 at *3.  This is similar to the case at bar where the ALJ discussed Dr. Heil's report, even though the Court found that discussion inadequate.  Doc. No. 15, 12-13.

The Court is mindful that, as the United States Court of Appeals for the Third Circuit has stated, "[t]he EAJA was passed . . . to allow individuals . . .  to fight back against unjustified government action, without fear that the high cost of doing so would make victory ultimately more expensive than acquiescence*." Handron v. Sec'y Dep't of Health & Human Servs.*, 677 F.3d 144, 145 (3d Cir. 2012) (citations omitted).  However, the Government rarely opposes attorney fee motions in this Court when a decision of the Commissioner is overturned.  For example, over the past two years Ms. Osterhout has filed 21 motions for attorney fees under the EAJA in this Court and the Government has consented to 18 of those motions.[1]

| Case | Amount Awarded | Government's Response | Judge |
|---|---|---|---|
| 10-0253 (Erie) | $3,510.00 | Stipulated | Bloch |
| 09-1073 | $5,100.00 | Stipulated | Cercone |
| 10-658 | $6,387.50 | Stipulated | Lancaster |
| 10-1026 | Pending | Opposed | Bloch |
| 10-1096 | $3,412.50 | Stipulated | Ambrose |
| 10-1263 | $4,200.00 | Opposed | Bloch |
| 10-1560 | $5,000.00 | Stipulated | Bloch |
| 11-0175 | $5,760.00 | Stipulated | Diamond |
| 11-0377 | $4,905.00 | Stipulated | Cercone |
| 11-0487 | $4,200.00 | Stipulated | Diamond |
| 11-0698 | $3,850.00 | Stipulated | Fischer |
| 11-0809 | $5,000.00 | Stipulated | Hornak |
| 11-1160 | $3,600.00 | Stipulated | Bissoon |
| 11-1169 | $3,800.00 | Stipulated | Standish |
| 11-1248 | $4,185.00 | Stipulated | Conti |
| 11-1532 | $3,330.00 | Stipulated | McVerry |
| 12-0573 | $2,070.00 | Unopposed | Ambrose |
| 12-0660 | $4,200.00 | Stipulated | Ambrose |
| 10-0318 (Johnstown) | $4,300.00 | Stipulated | Bloch |
| 12-0196 (Johnstown) | $5,900.00 | Stipulated | Gibson |

---

[1] This does not include requests for attorney fees under 42 U.S.C § 406.

Thus, the Court finds that the purpose of the EAJA will not be frustrated by the denial of Plaintiff's request for attorney fees as Ms. Osterhout, and other able counsel, will continue to prosecute meritorious claims against the Commissioner.

In sum, the Government's position, both before the Agency and in this Court, was substantially justified, even if it was ultimately rejected by the Court. Accordingly, Plaintiff is not entitled to attorney fees under the EAJA.

## IV. Order

AND NOW, this 13th day of June, 2013, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Attorney Fees (Doc. No. 18) is DENIED.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc/ecf:  All counsel of record